**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 25-cv-03603-NYW-SBP

ERIC GRIEGO,

      Plaintiff,

v.

NEUTRON HOLDINGS, INC. dba Lime Transportation Company,
DOES I THROUGH X, inclusive,
ROE CORPORATIONS I THROUGH X, inclusive, and
ROE LIMITED LIABILITY COMPANIES I THROUGH X, inclusive,

      Defendants.

---

## ORDER

---

This matter is before the Court on Neutron Holdings, Inc. d/b/a Lime's Motion to

Dismiss Plaintiff's Complaint (the "Motion" or "Motion to Dismiss"). [Doc. 22]. The Motion

is fully briefed. *See* [Doc. 33; Doc. 36].

Plaintiff Eric Griego ("Plaintiff" or "Mr. Griego") brings one claim of negligence

against Neutron Holdings, Inc., doing business as Lime Transportation Company

("Defendant" or "Lime"), arising out of injuries he allegedly sustained while riding a Lime

bicycle. [Doc. 6 at ¶¶ 7–9].[1] Lime moves to dismiss Plaintiff's claim on the basis that

"Plaintiff agreed to waive his claim for negligence against Lime when he contracted with

Lime to rent an e-bike pursuant to Lime's June 23, 2023 User Agreement." [Doc. 22 at

1–2]. Lime attached this User Agreement to its Motion to Dismiss, *see* [Doc. 22-2], but it

---

[1] Plaintiff also names thirty unnamed "Doe" and "Roe" Defendants. [Doc. 6 at 2]. There
is no indication on the docket that any of these unnamed Defendants have been identified
or served.

is not attached to the Complaint, *see* [Doc. 6].

The Motion to Dismiss is filed pursuant to Rule 12(b)(6).  [Doc. 22 at 3].  In ruling on a Rule 12(b)(6) motion, "a court must restrict its review to only the 'allegations within the four corners of the complaint,' and cannot consider other pleadings or external allegations."  *Brown v. City of Tulsa*, 124 F.4th 1251, 1263–64 (10th Cir. 2025) (quoting *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1286 n.1 (10th Cir. 2019)).  "Exceptions to this rule are *limited to*:  (1) documents attached to the complaint as exhibits, (2) documents referenced in the complaint that are central to the plaintiff's claims, provided their authenticity is undisputed, and (3) matters subject to judicial notice."  *Id.* (emphasis added).

The User Agreement is not referenced anywhere in the Complaint, *see* [Doc. 6], which Lime acknowledges, *see* [Doc. 22 at 2].  However, Lime argues that the Court should consider the User Agreement in ruling on the Motion to Dismiss "because it is central to [Plaintiff's] claim and its authenticity is not subject to reasonable dispute."  [*Id.*].  Plaintiff "agrees that this [C]ourt can consider the Lime User Agreement that Defendant attached to its motion to dismiss."  [Doc. 33 at 3].

The problem with the Parties' position, however, is that there is no recognized exception to the "four corners" rule that permits the Court to consider authentic documents simply because they are central to the plaintiff's claims; rather, Tenth Circuit precedent is clear that those documents still *must* be referenced in the complaint.  *See, e.g.*, *Brown*, 124 F.4th at 1263; *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) ("In addition to the complaint, the district court may consider *documents referred to in the complaint* if the documents are central to the plaintiff's claim and the parties do not dispute

2

the documents' authenticity." (emphasis added)); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, *but the document is referred to in the complaint* and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." (emphasis added)). Indeed, the Tenth Circuit has repeatedly rejected the proposition that a district court may consider documents not referenced in a complaint when ruling on motion under Rule 12(b)(6). *See Waller*, 932 F.3d at 1282–83 (concluding that relying on documents simply because they are central to the plaintiff's claims "ignores the clear language of [Tenth Circuit] precedents"); *see also Fuqua v. Santa Fe Cnty. Sheriff's Off.*, 157 F.4th 1288, 1298 (10th Cir. 2025) ("[N]either the original nor the first amended complaint (1) attached the videos, (2) incorporated the videos by reference, or (3) referred to the videos. . . . We therefore conclude that the videos' mere presence in the record did not give the court leeway to consider them when deciding the officers' motion to dismiss."); *Brown v. Montoya*, 662 F.3d 1152, 1166 (10th Cir. 2011) ("Because Mr. Brown's Complaint does not refer to the Policy, we do not consider it."). And even if the Court could somehow consider the User Agreement, there is no basis to extend any consideration of the allegations reflected in the Declaration of Vincent C. Yasay ("Mr. Yasay"), Defendant's Senior Litigation Manager. *See* [Doc. 22-1]. Mr. Yasay's statements essentially function as evidence supporting Defendant's affirmative defense, and Defendant cites no authority extending any exception to the general framework under Rule 12(b)(6) to such evidence.

The Court is bound by the above authority.[2]  Therefore, the Court may only

---

[2] Defendant cites *Frost v. ADT, LLC*, 947 F.3d 1261 (10th Cir. 2020), in support of its

consider the User Agreement if the Court converts the Motion to Dismiss into a motion for summary judgment. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) ("When a party presents matters outside of the pleadings for consideration, as a general rule the court must either exclude the material or treat the motion as one for summary judgment." (quotation omitted)); *see also* Fed. R. Civ. P. 12(d). Neither Party argues that the Court should convert the Motion to Dismiss, *see* [Doc. 22; Doc. 33], and given the early stages of this case, *see* [Doc. 32 (staying discovery pending resolution of the Motion to Dismiss)], the Court declines to do so,[3] *see Humood v. City of Aurora*, No. 12-cv-02185-RM-CBS, 2014 WL 4345410, at *5 (D. Colo. Aug. 28, 2014) (observing that the determination of whether to convert a motion to dismiss into one for summary judgment is left to the sound discretion of the Court).

---

argument that the Court can consider the User Agreement simply because it is central to Plaintiff's claim and indisputably authentic. *See* [Doc. 22 at 4–5]. In reviewing the district court's decision for plain error, the *Frost* court stated in a footnote that "district courts may consider evidence beyond the pleadings where the document is central to the claims presented and its authenticity is not disputed by the parties." 947 F.3d at 1267 n.4. In support, it cited *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). *See Frost*, 947 F.3d at 1267 n.4. But in *Alvarado*, the Tenth Circuit reiterated that "the district court may consider documents *referred to in the complaint* if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado*, 493 F.3d at 1215 (quotation omitted and emphasis added). The footnote in *Frost* does not negate or overturn the Tenth Circuit precedent making clear that this exception applies to indisputably authentic documents that are central to a plaintiff's claims *and* referenced in the complaint. *See Waller*, 932 F.3d at 1283; *Starzynski v. Sequoia Forest Indus.*, 72 F.3d 816, 819 (10th Cir. 1995) ("One panel of the [Tenth Circuit] cannot overrule the decision of another panel in the absence of en banc reconsideration or an intervening decision of the United States Supreme Court.").

[3] To the extent Defendant argues that the Court should consider the User Agreement because "delaying consideration of the User Agreement would unnecessarily postpone the consideration of a dispositive document, wasting the parties' and the Court's time in the process," [Doc. 22 at 6], nothing precludes Defendant from filing an early motion for summary judgment, which would permit the Court to consider the User Agreement under the appropriate legal framework.

Because the Motion to Dismiss is based on the User Agreement, *see* [Doc. 22], which the Court cannot consider, Defendant has not demonstrated that dismissal is warranted at this time.  The Motion to Dismiss is respectfully **DENIED**.[4]

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1)    Neutron Holdings, Inc. d/b/a Lime's Motion to Dismiss Plaintiff's Complaint

[Doc. 22] is **DENIED**.

DATED:  July 15, 2026                                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[4] The Parties' arguments concerning whether the User Agreement is enforceable also rely on factual assertions that do not appear in the Complaint.  *See, e.g.*, [Doc. 22 at 6–13; Doc. 33 at 4–8].  Even if the Court could consider the User Agreement, these arguments are still improper at the pleading stage.